**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | | |
|---|---|---|---|
| **IN RE:** | MELISA JENKINS | : | |
| | | : | |
| | Debtor | : | Case No. 1:22-BK-10063 |
| | | : | |
| | | : | Chapter 13 |
| | | : | |
| | | : | Judge: Beth A. Buchanan |
| | | : | |
| | | : | |

| | | | |
|---|---|---|---|
| MELISA JENKINS | | : | |
| | | : | |
| | Plaintiff | : | Adversary No. 1:22-ap-01080 |
| | | : | |
| v. | | : | Chapter 13 |
| | | : | |
| IDEALOGIZ GROUP, LLC, et al. | | : | Judge: Beth A. Buchanan |
| | | : | |
| | Defendants | : | |

**IDEALOGIZ GROUP, LLC'S & RAJIB GARU'S MEMORANDUM IN OPPOSITION OF DEBTOR MELISA A. JENKINS MOTION TO REOPEN ADVERSARY PROCEEDING AND VACATE ORDER OF DISMISSAL**

Idealogiz Group, LLC and Rajib Garu (collectively "Defendants") file this memorandum in opposition to Debtor, Melisa Jenkin's, motion to reopen adversary proceeding and vacate order of dismissal, filed in the adversary proceeding listed above. Doc ## 11, 12. Debtor premises her motion to vacate on the dismissal of the "complex litigation" in the underlying Chapter 13 proceedings. Doc # 12. Debtor indicates that, as of May 2, 2023, she is finally in the "position to continue with the litigation in this adversary [proceeding] regarding the claim against the Defendants and the validity of the mortgage." *Id.* Debtor brought her motion to vacate only pursuant to LBR 9014. *See id.* For the reasons that follow, Debtor fails to cite legal authority or offer sufficient facts to reopen this adversary proceeding.

1

Debtor initiated this adversary proceeding to determine Defendants' lien's validity on September 28, 2022, in case number 22-ap-01080. Doc # 1. The Court issued a notice of intent to dismiss that case on December 7, 2022, should no party oppose the dismissal within 21 days. Doc # 7. On January 5, 2023, the Court dismissed the adversary proceeding as no one opposed the dismissal. *See* Doc # 9. The docket on the underlying Chapter 13 proceeding, in case no. 1:22-BK-10063, reflects the dismissal on January 24, 2023. Debtor filed her motion to vacate the dismissal nearly four months after the adversary proceeding was dismissed, on May 2, 2023. *See* Doc ## 11, 12.

## I.    LAW & ARGUMENT

Dismissals for want of prosecutions are presumed to be *with prejudice*. Fed. R. Civ. P. 41(b); *Mate v. Mohr*, No. 2:14-cv-747, 2014 U.S. Dist. LEXIS 108267, at *2 (S.D. Ohio Aug. 6, 2014) (citing Fed. R. Civ. P. 41(b)) (holding that unless the dismissal order states otherwise, a dismissal under Fed. R. Civ. P. 41(b) and any dismissal not under that rule, except on for lack of jurisdiction, improper venue, or failure to join a party, operates as an adjudication on the merits).

"Rule 60 of the Federal Rules of Civil Procedure applies in cases under the Code." *See* Federal Rules of Bankruptcy Procedure 9024. Rule 60 allows for relief from judgment based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b) (cleaned up).

Given that the Court gave adequate notice of its intent to dismiss the adversary proceeding, and that the Court dismissed the adversary proceeding for want of prosecution, Debtor's adversary

proceeding challenging the validity of Defendants' lien, was dismissed with prejudice. Debtor has not articulated any allowable basis to reopen the proceeding under Fed. R. Civ. P. 60. Specifically, Debtor only submits that because of the other complex litigation in the Chapter 13 case, she was not prepared to proceed until May 2, 2023. However, Debtor admits in her motion that her Plan was approved on December 12, 2022, after settling the "complex litigation" with another creditor. This took place during the period where the Court's order proposing dismissal of the adversary proceeding was pending. *See* Doc # 7. And, the Court did not enter its order of dismissal of this adversary proceedings until 24 days after the Plan was approved. *See* Doc # 9. Accordingly, Debtor has not even alleged mistake, inadvertence, or excusable neglect, much less offered evidence of it.

Further, Debtor has clearly not alleged the discovery of new evidence, fraud, that the judgment is void, or that the judgment has been satisfied. Debtor has not submitted any case law indicating that waiting four months after the adversary proceeding has been dismissed would allow for reopening of the case, either. In sum, Debtor fails to offer any proper justification under Rule 60 that would allow for reopening.

Nor has Debtor appealed the dismissal of this adversary proceeding within the applicable time. *See* Federal Rules of Bankruptcy Procedure 8002(a).

## II. CONCLUSION

In sum, Debtor's motion to reopen adversary proceeding and vacate the order of dismissal is legally improper and factually unsupported. As such, the Court should deny the motion to reopen the adversary proceedings.

Respectfully submitted,

*/s/ Anthony D. Maiorano*
Anthony D. Maiorano     0100339
The CMW Law Firm
14 E. Main St.

3

                              Fairborn, OH 45324
                              Tel: (513) 653-0123
                              Fax: (833) 968-1876
                              Email: tony@cmwlawfirm.com

## **CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that a true copy of the Notice of Substitution of Counsel was served on all registered ECF participants to the above-captioned case at their email addresses registered with the court on this 25th day of May, 2023.

U.S. Trustee
Margaret A. Burks
Simon Groner
Eric W. Goering


                              */s/ Anthony D. Maiorano*_____
                              Anthony D. Maiorano       0100339